IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER G.,[1]

    **Plaintiff,**

    v.

ANDREW SAUL,[2]
Commissioner of Social Security,

    **Defendant.**

Case No. 18-CV-04144-JAR

## MEMORANDUM AND ORDER

Plaintiff seeks review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under the Social Security Act.[3] An administrative law judge ("ALJ") denied Plaintiff's claims, finding that Plaintiff was not disabled.[4] The Appeals Council granted Plaintiff's request for review and issued its own decision on October 2, 2017, correcting a discrete error but agreeing with the ALJ that Plaintiff was not disabled.[5] This Appeals Council decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. § 405(g).

Plaintiff subsequently filed his Complaint for Review of a Social Security Disability

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

[3] 42 U.S.C. §§ 401–434.

[4] Doc. 16-3, Tr. 38–55.

[5] *Id.*, Tr. 4–8.

Decision in this Court on December 10, 2018.[6]  After the parties filed their respective briefing in this matter,[7] Plaintiff filed a Motion to Compel the Defendant to File a Complete Record, asking the Court to order the Commissioner to supplement the record with an Appeals Council notice dated September 27, 2018.[8]  After reviewing the record, the Commissioner agreed with Plaintiff that the Appeals Council erred by filing its October 2, 2017 prematurely, and filed a Motion to Remand and Reverse and for Entry of Final Judgment (Doc. 25).  Plaintiff opposes the motion and asks the Court to retain jurisdiction and order the Commissioner to pay benefits.[9]  For the reasons below, the Court **grants** the Commissioner's motion.

I. **Background**

In his Motion to Compel, Plaintiff asked the Court to compel the Commissioner to supplement the administrative record with a letter from the Appeals Council.  The letter informed Plaintiff that his request for an appearance was denied, but then stated, "We Will Not Act for 30 Days" and informed Plaintiff that he must send any additional information regarding his claim "within 30 days of the date of this letter."[10]  This letter was dated September 27, 2018, but the Appeals Council final decision was issued just five days later on October 2, 2018.  Thus, Plaintiff was not given thirty days to submit additional information.

II. **Discussion**

Under 42 U.S.C. § 405(g), the Court may reverse the Commissioner's decision without remanding, but should only do so in limited circumstances.  "Remand for further administrative

---

[6] Doc. 1.

[7] Docs. 10, 17, 18, 22.

[8] Doc. 21.

[9] Doc. 26.

[10] Doc. 21-1.

proceedings is appropriate if enhancement of the record would be useful."[11] "Some of the relevant factors we consider are the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose [or] would merely delay the receipt of benefits."[12]

The error asserted here is procedural. Plaintiff alleges that the record is incomplete because (1) the Appeals Council letter was not in the record before this Court and (2) he was not given thirty days to submit additional information to the Appeals Council prior to its decision denying him benefits. Implicit in Plaintiff's assertion is that he may possess additional information to submit to the Appeals Council. Thus, the Commissioner should have the opportunity to correct the error by allowing Plaintiff to fully present his case on remand. Thereafter, the Commissioner may consider whether Plaintiff's additional information warrants a different finding regarding disability. Enhancement of the record would serve a useful purpose here and not merely delay the receipt of benefits, and accordingly, remand is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that the Commissioner's Motion to Remand and Reverse and for Entry of Final Judgment pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 25) is **granted**. Plaintiff's Motion to Compel (Doc. 21) is **moot**.

**IT IS SO ORDERED.**

Dated: August 8, 2019

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[11] *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (citing *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

[12] *Hamby v. Astrue*, 260 F. App'x 108, 113 (10th Cir. 2008) (unpublished) (citing *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006)).