# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPER G., <br><br> **Plaintiff,** <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> **Defendant.** | Case No. 18-CV-04144-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Court's Order for Remand (Doc. 31). As background, the parties fully briefed Plaintiff's underlying social security case, but during briefing, Plaintiff filed a motion to compel. In his motion to compel, Plaintiff asserted that Defendant failed to provide a copy of a letter from the Appeals Council, dated September 27, 2018. In this letter, the Appeals Council stated that it would not act for 30 days, and Plaintiff could provide additional information prior to the Appeals Council issuing its decision. Plaintiff requested that the Court require Defendant to provide a full record to the Court.

Defendant, in turn, researched the matter and discovered that a procedural error had occurred in that the Appeals Council had inadvertently issued its decision denying Plaintiff benefits on October 2, 2018—five days after allowing Plaintiff 30 days to submit any additional evidence. Defendant recognized that there was the potential that it prematurely limited Plaintiff's presentation of evidence. Thus, Defendant requested remand to the Commissioner to allow Plaintiff the full and fair opportunity to present his case to the Commissioner.

In this Court's order, dated August 8, 2019, the Court noted the standards for reversal and remand to the Commissioner.  The Court determined that implicit in Plaintiff's assertion of an incomplete record was that he may possess additional information to submit to the Appeals Council.  Thus, the Court found it appropriate for the Commissioner to have the opportunity to correct the error by allowing Plaintiff to fully present his case on remand and submit additional evidence.  Accordingly, the Court ordered reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) and entered a final judgment.

Plaintiff is now before the Court requesting that the Court alter this order and judgment.  Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.[1]  The Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[2]  In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3]  Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[4]  Whether to grant a motion to reconsider is left to the Court's discretion.[5]

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4] *Trackwell v. U.S. Gov't*, No. 04-4168-SAC, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012)).

[5] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F.Supp.2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

In this case, it appears that the Court misapprehended Plaintiff's position. As noted above, the Court previously found that Plaintiff may have wanted an opportunity to present additional evidence to the Appeals Council prior to the Appeals Council issuing its decision. Plaintiff, however, affirmatively states in his motion that he does not want to submit any additional evidence. Indeed, he states that he is "not seeking more time to file anything and there is no new evidence."[6] Plaintiff contends that there is no basis for remand, and he states that he only wants the September 27, 2018 letter to be placed in the record. Plaintiff states that he would like the matter to remain in this Court and requests that the Court reconsider its decision to remand the matter to the Commissioner.[7]

Here, all the underlying evidence that the Appeals Council relied upon has been submitted to the Court. In addition, the matter was fully briefed to this Court by the parties in late June 2019. Given Plaintiff's assertions that he does not have any additional evidence and does not want the case remanded to the Commissioner to make any additional findings, the Court finds that it is more efficient for the matter to remain in this Court.[8] Thus, the Court grants Plaintiff's Motion to Alter or Amend the Court's Order for Remand. This case will remain with this Court. The Court will issue its order on Plaintiff's Complaint for Review of a Social Security or Supplemental Security Income Decision in due time.

---

[6] Doc. 31, p. 2.

[7] Defendant contends that it still believes that remand is appropriate but because Plaintiff states that he does not have any additional evidence to submit, it will defer to the Court's discretion. Defendant has no objection if the Court determines that deciding the case on the merits (as submitted) is appropriate.

[8] This Court previously determined that the Appeals Council's decision of October 2, 2017, operated as a final decision for purposes of judicial review under 42 U.S.C. § 405(g).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend the Court's Remand Order is **granted**. The Judgment remanding these proceedings is vacated; the clerk is directed to reopen these proceedings, which will remain with this Court

**IT IS SO ORDERED.**

Dated: October 3, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
