# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPER G., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 18-CV-04144-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Supplement the Record (Doc. 34). A brief background is necessary. The parties previously fully briefed Plaintiff's underlying case seeking review of a social security decision. During that briefing, Plaintiff filed a motion to compel, asserting that Defendant failed to provide a copy of a letter from the Appeals Council, dated September 27, 2018. This letter stated that the Appeals Council would not act for 30 days, and Plaintiff could provide additional information. The Appeals Council, however, issued its decision denying Plaintiff benefits five days later, on October 2, 2018, without allowing Plaintiff to supplement the record.

Defendant researched the matter and discovered that a procedural error had occurred in that the Appeals Council had inadvertently issued its decision. Defendant recognized that there was the potential that it prematurely limited Plaintiff's presentation of evidence and requested remand to the Commissioner to allow Plaintiff the full and fair opportunity to present his case. On August 8, 2019, the Court granted the request, finding that implicit in Plaintiff's motion to

1

compel was that he sought to add additional information, and remanded the case to the Commissioner.[1]

Plaintiff then filed a Motion to Alter or Amend the Court's Order and Judgment.[2] In this motion, Plaintiff affirmatively stated that he did not have, and did not want to, submit additional evidence to the Commissioner. He stated that there was no basis for the remand because the evidence was already before the Court, and there was nothing more for the Commissioner to do. The Court granted Plaintiff's motion, noting that it had misapprehended Plaintiff's position. Given Plaintiff's assertions that he did not have any additional evidence to present and that he wanted the Court to decide the case on the evidence already before the Court, the Court found it unnecessary for the Commissioner to reconsider the case. Accordingly, on October 14, 2019, the Court altered its judgment and reopened the case.[3]

Plaintiff is again before the Court. He is now asking to supplement the record. Plaintiff's contentions are not very clear, but he states that he would like to have evidence entered into the record. He attaches to his motion a Remand order, dated September 24, 2019, from the Appeals Council to the Administrative Law Judge ("ALJ").

During the two-month timeframe that this case was remanded to the Commissioner, the Appeals Council reviewed Plaintiff's case.[4] In the September 24 letter, an Administrative Appeals Judge ("AAJ") for the Appeals Council recounted the procedural posture of the case and the remand from the district court. In addition to noting the procedural error that was the basis

---

[1] Docs. 28, 29.

[2] Doc. 31.

[3] Doc. 33.

[4] The Court reviewed the Appeals Council September 24 letter and obtained this information.

for the Court's remand, she looked through the entire record. After looking through the record, she noted several possible substantive errors in the ALJ's decision as well as in the Appeals Council's decision. The AAJ then specifically remanded the case back to the ALJ directing the ALJ to review several findings. In addition, the AAJ directed the ALJ to obtain supplemental evidence, if warranted.

The government has responded to Plaintiff's motion. It objects to the inclusion of the September 24 letter because it is not part of the certified record. In addition, the government requests remand pursuant to sentence four of 42 U.S.C. § 405(g). The government states that it is the agency's position that it is most fair to Plaintiff to have the agency take a fresh look at the medical opinions of record and issue a new decision, as recommended by the Appeals Council's September 24 letter.

Pursuant to 42 U.S.C. § 405(g), the Court can only review a *final* decision by the Commissioner and only by reviewing "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."[5] The procedural posture of this case has significantly changed. The Court previously altered its judgment because no new evidence would be presented, nor additional findings would be made. That no longer appears to be the case. Now, as indicated in the Appeals Council letter, the Appeals Council directed the ALJ to reconsider the record and allow supplemental evidence, if necessary. It appears likely that the ALJ will issue a different opinion, and additional evidence may be included in that decision. Thus, the decision in the underlying case may change.

---

[5] 42 U.S.C. § 405(g) (stating that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

The Court recognizes that it obtains the information regarding the status of Plaintiff's underlying social security case from a document that is not part of the certified record. Plaintiff, however, requested that the Court supplement the record and add this evidence to it. Thus, the Court cannot ignore the underlying procedural posture of Plaintiff's social security case before the Commissioner. Accordingly, the Court finds it necessary to remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).[6]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Supplement the Record (Doc. 34) is **denied**. Furthermore, the Court reverses and remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Dated: November 1, 2019

s/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6] Remand allows the Commissioner to correct errors, if any, and consider any additional relevant evidence. In addition, remand does not preclude Plaintiff from judicial review should the Commissioner again issue an unfavorable decision.